1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

AARON WALLACE TROTTER,

                          Petitioner,

      v.

CHERYL STRANGE,

                          Respondent.

CASE NO. 3:21-cv-05612-DGE-JRC

ORDER ADOPTING REPORT AND
RECOMMENDATION

## I.  INTRODUCTION

This matter comes before the Court on the Report and Recommendation ("R & R") of the Honorable J. Richard Creatura, United States Magistrate Judge (Dkt. No. 10), and Petitioner Aaron Wallace Trotter objections to the R & R (Dkt. No. 11.)  On December 6, 2021, Judge Creatura recommended the Court dismiss Petitioner's habeas petition and not issue a certificate of appealability.  (Dkt. No. 10.)  On December 20, 2021, Petitioner filed objections. (Dkt. No. 11.)

For the reasons provided below, the R & R should be adopted, the petition denied, and no certificate of appealability issued.

## II.    BACKGROUND

On May 31, 2015, Shantell Zimmerman went to Petitioner's house for a barbecue. (Dkt. No. 8–1 at 363.) Petitioner punched Zimmerman several times, put his arm around Zimmerman's neck, and hit Zimmerman on the back and the head with the butt of a rifle. (*Id.*) On June 9, 2015, the State charged Petitioner by information with two counts of assault. (*Id.*) Count I was for second degree assault by strangulation. (*Id.*) Count II was for second degree assault with a deadly weapon. (*Id.*)

In Washington, the second degree assault statute articulates a single criminal offense and currently provides seven separate subsections defining how the offense may be committed. *State v. Fuller*, 367 P.3d 1057, 1059 (Wash. 2016); *see also* RCW 9A.36.021(1)(a)–(g).

At the first trial, the jury was provided the following instructions:

INSTRUCTION NO. 5

A separate crime is charged in each count. You must decide each count separately. Your verdict on one count should not control your verdict on the other count.

INSTRUCTION NO. 6

A person commits the crime of assault in the second degree when he assaults another with a deadly weapon or assaults another by strangulation.

INSTRUCTION NO. 9

To convict the defendant of the crime of assault in the second degree as charged in count I, each of the following elements of the crime must be proved beyond a reasonable doubt:

1    (1) That on or about May 31, 2015, the defendant assaulted Shantell Zimmerman by

2    strangulation; and

3    (2) That this act occurred in the State of Washington.

4                                      INSTRUCTION NO. 15

5    To convict the defendant of the crime of assault in the second degree as charged in count

6    II, each of the following elements of the crime must be proved beyond a reasonable doubt:

7    (1) That on or about May 31, 2015, the defendant assaulted Shantell Zimmerman with a

8    deadly weapon; and

9    (2) That this act occurred in the State of Washington.

10                                     INSTRUCTION NO. 16

11    A firearm, whether loaded or unloaded, is a deadly weapon.

12    (Dkt. No. 8–1 at 365–367.)

13    The jury returned verdicts, finding Petitioner not guilty of second degree assault by

14    strangulation (Count I) and leaving the verdict form blank for second degree assault with a

15    deadly weapon (Count II).  (*Id*. at 321.)  The trial judge confirmed that the verdict form was left

16    blank because the jury could not come to a conclusion as to Count II.  (*Id*. at 318–319.)  As the

17    jury could not come to a conclusion on the Count II, the trial court declared a mistrial as to

18    second degree assault with a deadly weapon (Count II).  (*Id*. at 370.)

19    Petitioner was retried on the charge of second degree assault with a deadly weapon.  (*Id*.

20    at 368.)  Petitioner's second trial ended in a mistrial after a lay witness gave expert testimony.

21    (*Id*.)  Petitioner was retried a third time on the second degree assault with a deadly weapon and

22    the jury found him guilty.  (*Id*. at 370.)  Petitioner was sentenced to 39 months of confinement.

23    (*Id*.)

24

1    On July 31, 2017, the Washington Court of Appeals affirmed his conviction.  Petitioner

2 then filed a Washington State petition for a writ of habeas corpus, as well as a motion to vacate

3 his judgment and sentence.  (Dkt. No. 2 at 5–6.)  In both the state habeas petition and motion to

4 vacate, the Petitioner argued that his conviction violated the prohibition on double jeopardy.  (*Id*.

5 at 6.)  On October 27, 2020, the Court of Appeals rejected Petitioner's double jeopardy

6 arguments, in part by finding that the "overall offense" never ended merely because he was

7 acquitted on the assault by strangulation charge and the jury's decision to leave the verdict form

8 on Count II blank was not an implied acquittal of Count II.  (*Id*. at 6–7.)

9    On February 18, 2021, a Commissioner of the Supreme Court of Washington denied

10 Petitioner's petition for review on substantially similar grounds as those before the Court of

11 Appeals.  (*Id*. at 7.)

12    Petitioner filed the present petition on August 24, 2021, alleging two violations: 1) he

13 was denied his Fifth Amendment right to avoid double jeopardy when the State retried him for

14 assault with a deadly weapon after he had been acquitted of assault by strangulation, and 2) he

15 was prosecuted in contravention of the collateral estoppel doctrine because he was impliedly

16 acquitted on the charge of assault with a deadly weapon.  (Dkt. No. 2 at 7–8.)  For reasons

17 discussed below, Petitioner's habeas petition is denied and no certificate of appealability will be

18 issued.

19                    ## III.    STANDARD OF REVIEW

20    The district judge must determine de novo any part of the magistrate judge's disposition

21 that has been properly objected to.  The district judge may accept, reject, or modify the

22 recommended disposition; receive further evidence; or return the matter to the magistrate judge

23 with instructions.  Fed. R. Civ. P. 72(b)(3).

24

ORDER ADOPTING REPORT AND RECOMMENDATION - 4

## IV.   DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions set forth in [28 U.S.C.] §§ 2254(d)(1) and (d)(2)." *Harrington v. Richter*, 562 U.S. 86, 98 (2011).  An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  28 U.S.C. § 2254(d).  The AEDPA limits the source of law to cases decided by the United States Supreme Court.  *Id*.  This Court may consider only the "clearly established" holdings, and not Supreme Court dicta or lower court precedent.  *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Carter v. Davis*, 946 F.3d 489, 501 (9th Cir. 2019).

The Ninth Circuit has warned that Supreme Court precedent should not be framed at "a high level of generality" such that "a lower federal court could transform even the most imaginative extension of existing case law into 'clearly established Federal law.'"  *Nevada v. Jackson*, 569 U.S. 505, 512 (2013) (citation omitted).  For a State court decision to be overturned, it must arrive at a conclusion "opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts."  *Williams*, 529 U.S. at 413.

Even if a Supreme Court case addressed a similar topic or type of case, the step of extending a rationale drawn from Supreme Court precedent means such rationale, "by

definition," is not clearly established law. *White v. Woodall*, 572 U.S. 415, 426 (2014).  Indeed, invalidating a state court adjudication because the state court did not extend the Supreme Court's precedent in a manner that the Supreme Court has not yet done would severely compromise the deference required under the statute. *Glebe v. Frost*, 574 U.S. 21, 23–25 (2014).  "Section 2254(d)(1) would be undermined if habeas courts introduced rules not clearly established under the guise of extensions to existing law." *Yarborough v. Alvarado*, 541 U.S. 652, 666 (2004).

And an "unreasonable application of" those holdings must be "objectively unreasonable," not merely wrong; even "clear error" will not suffice. *Lockyer v. Andrade,* 538 U.S. 63, 75–76 (2003).  Rather, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

**A. Having Reviewed The Record De Novo, The Court Finds No Error In Judge Creatura's Analysis of Double Jeopardy and Implied Acquittal.**

1. Double Jeopardy.

The Double Jeopardy Clause protects against three distinct abuses: (1) a second prosecution for the same offense after conviction; (2) a second prosecution for the same offense after acquittal; and (3) multiple punishments for the same offense. *Schiro v. Farley*, 510 U.S. 222, 229 (1994) (citing *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969)).

Petitioner contends that, because he was acquitted of second degree assault by strangulation at the first trial, the successive prosecution component of the Double Jeopardy Clause was violated when he was subsequently retried for second degree assault on the theory of assault with a deadly weapon.

1    Judge Creatura, however, thoroughly analyzed this issue and the Court agrees with his

2    analysis.  Though Petitioner argues that "*Fuller* relied heavily on case law applicable to lesser-

3    included offenses in arriving at its conclusion" (Dkt. 11 at 6), such position does not change its

4    unambiguous holding:

5        [W]hen the State charges alternative means of committing an offense in separate
         counts and the jury acquits on one count but deadlocks on the other, the State may
6        retry the defendant on the count on which the jury was declared hung.  Retrial on
         that count does not violate the prohibition against double jeopardy because
7        jeopardy never terminated as to that count or as to the overall offense.

8    *State v. Fuller*, 367 P.3d 1057, 1063 (Wash. 2016).  *Fuller* is indistinguishable from the present

9    matter.

10    In addition, the Court is not persuaded that *State v. Villanueva-Gonzalez*, 329 P.3d 78

11    (Wash. 2014) is controlling.  As noted by Judge Creatura, Petitioner "did not run the risk of

12    multiple punishments for the same offense as the defendant in *Villanueva-Gonzalez*."  (Dkt. No.

13    10 at 9.)

14    Petitioner also argues, "The R&R failed to address the heart of the matter: that Petitioner

15    was thrice placed in double jeopardy for the same offense" and that the "Fifth Amendment of the

16    United States Constitution protects a criminal defendant against multiple punishments for the

17    same offense."  (Dkt. 11 at 5.)  Petitioner's position completely overlooks *Fuller's* unambiguous

18    holding that "jeopardy never terminated as to [the second count for assault in the second degree]

19    or as to the *overall offense*."  *Fuller*, 367 P.3d at 1063 (emphasis added).  Moreover, the facts do

20    not establish that Petitioner would have been subjected to multiple punishments for the same

21    offense.  The facts establish only that two theories in separate counts were advanced to establish

22    assault in the second degree, which *Fuller* explicitly allows for.  *Id.*  Petitioner fails to present

23    any authority establishing *Fuller* to be contrary to clearly established federal law.

24

ORDER ADOPTING REPORT AND RECOMMENDATION - 7

2.  <u>Implied Acquittal</u>.

Petitioner asserts Judge Creatura improperly relied on "the trial court's on-record inquiry to the presiding juror regarding a potential deadlock as to County Two" (Dkt. No. 11 at 7) and without analysis, cites to *State v. Linton*, 132 P.3d 127 (2006) for the proposition that the "trial court erred by inquiring into the jury's thinking about that count." (*Id*.) (quoting Dkt. 9 at 7.)

*Linton*, however, involved a situation where a jury reached a verdict on a lesser included offense. 132 P.3d at 129. The defendant was charged with first degree assault. The jury ultimately found the defendant guilty of the lesser included offense of second degree assault. After the verdict was announced, the trial court inquired whether the jury could reach a verdict on the assault in the first degree charge if given more time. Under those facts, the trial court's inquiry was improper. *Linton*, 132 P.3d at 132–133 ("[G]iven the unable to agree jury instruction and the verdict on the second degree assault, the trial judge erred by inquiring into the jury's thinking about the first degree assault charge.") The present matter does not involve the verdict of a lesser included offense. *Linton*, therefore, is not applicable and Petitioner cites to no other authority supporting the position that the trial court's interactions with the jury in this matter were improper.

Likewise, Petitioner's citation to *Green v. United States*, 355 U.S. 184 (1957) to support the position that an implicit acquittal occurred is of no consequence. This is because, as Petitioner notes, "a *higher* offense is prohibited by double jeopardy where the jury had a full opportunity to return a verdict on the *higher* offense and was dismissed without doing so." (Dkt. No. 11 at 7) (emphasis added). The present facts do not involve a higher offense as both Counts I and II in this matter were for assault in the second degree.

3.  <u>No Basis For Issuance of a Certificate of Appealability</u>.

Petitioner asserts *State v. Villanueva-Gonzalez*, 329 P.3d 78 (Wash. 2014) is applicable and therefore a certificate of appealability should issue. For reasons already stated, *Villanueva-Gonzalez* is not applicable and the Court finds no basis to issue a certificate of appealability.

In short, the Court reaches the same conclusions as Judge Creatura on all issues presented.

## V.    CONCLUSION

Accordingly, and having considered Petitioner's petition, the briefing of the parties, and the remainder of the record, and the Report and Recommendation of the Honorable J. Richard Creatura, United States Magistrate Judge, the Court finds and ORDERS:

1. The Court ADOPTS the report and recommendation.

2. Petitioner's federal habeas petition is DISMISSED with prejudice.

3. A certificate of appealability is DENIED in this case.

4. The Clerk is directed to send copies of this order to petitioner, counsel for respondent, and to the Hon. J. Richard Creatura.

Dated this 19th day of January 2022.

David G. Estudillo
United States District Judge

ORDER ADOPTING REPORT AND RECOMMENDATION - 9